**Atanas Angelov ATANASOV, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–3628–ag.**

United States Court of Appeals, Second Circuit.

April 21, 2008.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**38**

Ronald G. Finch, Phoenix, Arizona, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Mary Jane Candaux, Assistant Director; Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Atanas Angelov Atanasov, a native and citizen of Bulgaria, seeks review of a July 25, 2007 order of the BIA affirming the October 19, 2005 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Atanas Angelov Atanasov*, No. A96 257 073 (B.I.A. Jul. 25, 2007), *aff'g* No. A96 257 073 (Immig. Ct. N.Y. City Oct. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As an initial matter, we decline to review Atanasov's challenge to the pretermission of his asylum application where he failed to make any such challenge before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Even if his arguments were properly exhausted, we are without jurisdiction to review the IJ's determination that Atanasov's asylum claim was untimely where he fails to raise a constitutional claim or a question of law. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Moreover, because Atanasov failed to challenge the IJ's denial of CAT relief either before the BIA or this Court, he has abandoned that claim. *See Gui Yin Liu v. I.N.S.,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

We further find that the IJ properly found that Atanasov failed to establish his eligibility for withholding of removal. Atanasov argues that he was persecuted on account of "his social group, which is an underclass of Bulgarian workers with extremely limited job skills." However, the BIA has explained that in order to constitute a particular social group, a proposed group must (1) exhibit a shared characteristic that is socially visible to others in the community, and (2) be defined with sufficient particularity. *Matter of A–M–E & J–G–U–,* 24 I. & N. Dec. 69, 74–76 (BIA

2007). We performed that two-step inquiry in *Ucelo–Gomez v. Mukasey* and found that "the petitioners failed to meet their burden of proof" where "nothing indicated that the individual or individuals who threatened petitioners 'had any motive other than increasing their own wealth at the expense of' the petitioners." 509 F.3d 70, 74 (2d Cir.2007) (citing *A–M–E–*, 24 I. & N. Dec. at 76). Here, the IJ noted that Atanasov had testified that he "was not paid because the employer did not need [him] anymore" and that "the employer threatened to kill [him] because [he] disrupted the employer[']s business." There is no indication that Atanasov's employer "had any motive other than increasing [his] own wealth at the expense of" Atanasov; therefore, the IJ properly denied withholding of removal where Atanasov failed to demonstrate a nexus between the harm he allegedly suffered and continues to fear and one of the five protected grounds. *Ucelo–Gomez*, 509 F.3d at 74.

For the foregoing reasons, the petition for review is DENIED.